ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2007 JUN 21 P 4 09

LARRY JOHN STEPHENS,         )
                             )
    Plaintiff,               )
                             )
v.                           )    CV 105-171
                             )
TONY HOWERTON, Warden, et. al., )
                             )
    Defendants.              )

O R D E R

Plaintiff, a Georgia state inmate, brought the captioned case pursuant to 42 U.S.C. § 1983, alleging that he was the victim of excessive force while incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. The matter is before the Court on Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge. Defendants moved to dismiss this case for Plaintiff's failure to exhaust administrative remedies. After converting Defendants' motion into a motion for summary judgment (see Order of Jan. 31, 2006), the Magistrate Judge recommended that the motion be granted. (See Report & Recommendation of July 24, 2006.) In reaching this conclusion, the Magistrate Judge explicitly rejected Plaintiff's allegation that prison officials prevented him from utilizing ASMP's grievance procedure.

Concerned by the seriousness of Plaintiff's allegations

and his undisputed injuries,[1] I decided to conduct an evidentiary hearing before deciding whether to adopt the Magistrate Judge's recommendation. During the hearing, conducted on May 24, 2007, the Court heard testimony from Plaintiff, ASMP Deputy Warden of Care and Treatment Ron Whitaker ("Whitaker"), ASMP Grievance Coordinator and Chief Counselor Jackie Morgan ("Morgan"), and former ASMP Inmate Counselor Willie Douse ("Douse").

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires prisoners to exhaust all available administrative remedies prior to filing suit.[2] For the reasons below, I find that administrative remedies were actually available to Plaintiff and that he failed to exhaust them before filing suit. Accordingly, I concur with the Magistrate Judge's Report and Recommendation, which I now **ADOPT** as my own opinion, as modified herein. Therefore, this case is **DISMISSED** without prejudice for Plaintiff's failure to comply with § 1997e(a).

Initially, I take this occasion to explain my prior conclusion that this issue is properly resolved by the Court,

---

[1] Defendants do not dispute that Plaintiff suffered a broken arm during an altercation with corrections officers. (See, e.g., Supplemental Mem. in Supp. of Mot. for Summ. J. at 7-8.)

[2] See Jones v. Bock, 549 U.S. __, 127 S. Ct. 910, 919 (2007) ("[U]nexhausted claims cannot be brought in court."); Woodford v. Ngo, 548 U.S. __, 126 S. Ct. 2378, 2382 (2006) ("Prisoners must now exhaust all 'available' remedies.").

2

rather than a jury. (See Order of Sept. 5, 2006 at 2 n.1.) In the past (including the instant case), the Court has construed motions to dismiss for failure to comply with § 1997e(a) as brought pursuant to Fed. R. Civ. P. 12(b)(6) (when relying solely on the pleadings)[3] or 56 (when evidence beyond the pleadings is presented to and not excluded by the Court).[4] This procedure has chiefly been utilized in order to afford prisoner-plaintiffs the benefits of the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam). As the Ninth Circuit has aptly observed, if the Court "looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust," the prisoner should receive "fair notice of his opportunity to develop a record." Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

Notwithstanding the utility of this procedure, however, the instant case demonstrates its faults. In his objections to the Magistrate Judge's recommendation, Plaintiff correctly points out that courts are generally not free to decide

---

[3] Although exhaustion is an affirmative defense which must be pled and proven by the defendant, a complaint may be dismissed based on the pleadings alone when the prisoner's failure to exhaust is plain from the face of the complaint. See Jones, 549 U.S. at __, 127 S. Ct. at 921.

[4] This procedure finds support in Eleventh Circuit precedent. See Miller v. Tanner, 196 F.3d 1190, 1192 n.5 (11th Cir. 1999) ("Because the district court relied on at least one of appellees' affidavits in support of their motion in making its decision [to dismiss the case pursuant to § 1997e(a)], we assume that the district court granted a motion for summary judgment.").

3

disputed issues of fact under Rule 12(b)(6) or Rule 56. Although acknowledging this principle of law, the Magistrate Judge declined to "punt the matter to a jury," instead concluding that "'exhaustion constitutes a preliminary issue for which no jury trial right exists, and therefore judges can and should make credibility determinations'" in resolving motions to dismiss brought pursuant to § 1997e(a). (July 24th Report & Recommendation at 7-8 (quoting Stanley v. Rich, CV 605-075, 2006 WL 1549114, at *2-3 (S.D. Ga. June 1, 2006), *appeal docketed*, No. 06-13502 (11th Cir. June 22, 2006)). Although I share the Magistrate Judge's conviction that submitting the preliminary question of exhaustion to a jury would "confound[] § 1997e(a)'s purpose" of curtailing inmate litigation, Priester v. Rich, 457 F. Supp. 2d 1369, 1377 (S.D. Ga. 2006), *aff'd*, No. 06-11116 (11th Cir. May 31, 2007), this conclusion does not resolve Plaintiff's objection that Rule 56 does not allow judicial factfinding.

Notwithstanding the Court's prior procedure in this case and others like it, the best practice is not to construe a motion to dismiss brought pursuant to § 1997e(a) as arising under either Rule 12(b)(6) or Rule 56. In this regard, the Honorable William T. Moore, Jr., Chief United States District Judge, has recently adopted the view taken by the Ninth Circuit in Wyatt, cited *supra*. See Lucas v. Barnes, CV 407-

002, 2007 WL 1428884, at *3 (S.D. Ga. May 14, 2007) (citing Wyatt, 315 F.3d at 1119-20). The Ninth Circuit has "held that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt, 315 F.3d at 1119. Thus, "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20.

In reaching the conclusion that a motion to dismiss brought pursuant to § 1997e(a) should not be resolved under the rubric of Rule 56, the Ninth Circuit noted "the general principle that summary judgment is on the merits, whereas dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." Id. at 1119 (internal citation and quotation omitted). Similarly, Chief Judge Moore has observed that "the granting of a motion to dismiss for lack of exhaustion is a matter of abatement which will not prevent the claim from being reasserted once the defect is remedied."[5] Lucas, 2007 WL 1428884, at *2; see also

---

[5] Of note, despite labeling § 1997e(a) motions as motions for summary judgment, it has been the Court's practice to dismiss unexhausted claims without prejudice. (See, e.g., July 24th Report & Recommendation at 14 ("It is the longstanding practice of the [Court] to dismiss cases such as this one without prejudice, in order that the prisoner-plaintiff may attempt to properly exhaust administrative remedies.").)

5

Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998) (affirming dismissal without prejudice in the absence of any "apparent barriers" to refiling after administrative remedies are exhausted).

Like Chief Judge Moore, I conclude that the Ninth Circuit's approach in Wyatt is the proper one, and a motion to dismiss brought pursuant to § 1997e(a) "raises a matter of abatement subject to 'an unenumerated' Rule 12(b) motion to dismiss." Lucas, 2007 WL 1428884, at *3 (citing Wyatt, 315 F.3d at 1119). Thus, the Court appropriately resolves any factual issues regarding exhaustion without submitting the matter to a jury. That said, because § 1997e(a) motions will often require the Court to consider evidence beyond the pleadings, "a procedure closely analogous to summary judgment," the Court will continue to afford prisoner-plaintiffs notice of their opportunity to present evidence in opposition to such motions. Wyatt, 315 F.3d at 1120 n.14. Thus, in future cases the Court will continue to issue notices to prisoners (akin to that mandated in Griffith, cited supra) prior to resolving § 1997e(a) motions. As Plaintiff has received ample notice and opportunity to present evidence in this case, the matter sub judice is ripe for resolution.

That settled, the Court turns to the facts of this case. Following an altercation with ASMP corrections officers on May

6, 2005, Plaintiff was taken to the Medical College of Georgia, where X-rays were taken and Plaintiff received treatment for his injuries. (See Defs.' Ex. J.) Plaintiff returned to ASMP later that day and was checked into the prison infirmary. (Id.) Morgan testified that, on May 9, 2005, Plaintiff was placed in administrative segregation, or isolation, where he remained until June 1, 2005, when he was returned to the general population. (See Defs.' Ex. 1.)

During Plaintiff's time in administrative segregation, ASMP staff made regular rounds to Plaintiff's cell every 30 minutes; Morgan testified that she personally visited Plaintiff on May 9th, May 12th, May 19th, May 20th, May 21st, May 22nd, May 23rd, May 24th, May 25th, and May 26th. (See Defs.' Exs. 2-4.) Morgan denies that Plaintiff ever expressed any desire to file a grievance or made any attempt to avail himself of administrative remedies during his stay in administrative segregation. Morgan also denies that Plaintiff ever asked for help in filling out a grievance form.

Following Plaintiff's return to the general population, Douse served as his counselor. According to Douse, Plaintiff could have obtained a grievance form from prison staff-- including Douse--at any time. Yet, Douse denies that Plaintiff ever attempted to resort to administrative remedies after his return to the general population. Like Morgan,

Douse also denies that Plaintiff ever asked for help in filling out a grievance form.

Under Georgia Department of Corrections Standard Operating Procedure IIB05-0001 ("SOP IIB05-0001"), Plaintiff was entitled to ask for a grievance form from any staff member, including Morgan and Douse.[6] (See Defs.' Ex. 22.) Plaintiff could then have turned in his grievance to any counselor, including Morgan and Douse. (Id.) Under SOP IIB05-0001, Plaintiff was also entitled to ask for any help he might need in filling out a grievance form due to mental or physical handicap. (Id.) Finally, although grievances are subject to a filing deadline, SOP IIB05-0001 also provides that grievances may be filed out-of-time for good cause. In fact, Morgan testified that filing deadlines can be waived whenever an inmate alleges that he is the victim of physical abuse. (Id.) Regardless, according to Morgan and Douse, prison staff are required to receive and process *all* grievances, including those which are ultimately denied as untimely.

According to Plaintiff, he was physically unable to fill out a grievance form in timely fashion because his right arm

---

[6]The Magistrate Judge's Report and Recommendation provides a detailed description of the administrative grievance process at ASMP. (See July 24th Report & Recommendation at 5-6.) As I have adopted the Report and Recommendation as my own opinion, there is no need to provide a lengthy explanation of the grievance process herein.

8

was broken. Plaintiff also contends that he was in pain and on medication and that his mental condition hindered his ability to fill out a grievance form. Next, Plaintiff alleges that prison staff, including Morgan and Douse, disobeyed SOP IIB05-0001 by refusing to give him grievance forms. Plaintiff also contends that prison staff, including Morgan, violated SOP IIB05-0001 by refusing to provide him with any help in completing grievance forms while his arm was broken and he could not write. Finally, Plaintiff contends that prison staff led him to believe that filing a grievance would be unnecessary because "Internal Affairs" was already investigating the use-of-force incident. In this regard, Plaintiff argues that Defendants are equitably estopped from relying on § 1997e(a).

The Court rejects Plaintiff's self-serving averments. The record bears ample proof that Plaintiff had innumerable opportunities to resort to administrative remedies prior to the time he filed his complaint in October 2005. In fact, Plaintiff repeatedly availed himself of the grievance procedure both before and after the alleged May 2005 beating, complaining of such diverse matters as his desire for tuna fish sandwiches, his dissatisfaction with his medical treatment, and alleged racial discrimination in the allocation of work assignments. (See Defs.' Exs. 5-21.) Put plainly,

9

Plaintiff's accusation that he has been denied access to administrative remedies is not credible.[7]

Furthermore, assuming arguendo that Plaintiff was temporarily unable to resort to the grievance process due to his injuries, this would not excuse his failure to file an out-of-time grievance prior to filing his complaint in October 2005. A temporary disability does not relieve a prisoner of his obligation under § 1997e(a) to avail himself of all available administrative remedies.[8] Here, Plaintiff did not resort to the available remedy of an out-of-time grievance after he was able to write; consequently, he failed to comply with § 1997e(a).[9] See Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have

---

[7]See Kozuh v. Nichols, 185 Fed. Appx. 874, 878 (11th Cir. Jun. 22, 2006) (per curiam) (rejecting prisoner's argument that he "was thwarted from bringing his grievances" where the evidence showed that he "was able to file numerous informal complaints" and that administrative remedies were available), reh'g en banc denied, 213 Fed. Appx. 970 (11th Cir. Aug. 16, 2006) (Table), cert. denied, __ U.S. __, 127 S. Ct. 1283 (2007).

[8]See Days v. Johnson, 322 F.3d 863, 867-68 (5th Cir. 2003) (per curiam) (requiring prisoner who could not timely file a grievance because of his broken hand to resort to available remedy of out-of-time grievance) (citing Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999)); see also Parker v. Adjetey, 89 Fed. Appx. 886, 887 (5th Cir. Feb. 20, 2004) (per curiam) (requiring inmate who could not file a grievance while "hospitalized and in a coma" to file out-of-time grievance after his release from the hospital).

[9]Likewise, even assuming that Plaintiff was denied access to grievance forms while in administrative segregation, this would not absolve Plaintiff of his obligation to pursue an out-of-time grievance after his release from administrative confinement. See Hilton v. Sec'y for Dep't of Corr., 170 Fed. Appx. 600, 605 (11th Cir. Nov. 1, 2005).

exhausted his administrative remedies.").

Finally, although the Court has rejected his allegations as incredible, I will briefly address Plaintiff's assertion that Defendants should be equitably estopped from relying on § 1997e(a). Here, Plaintiff contends that prison officials told him that resort to administrative remedies was unnecessary because an internal investigation of the use-of-force incident was already underway. In effect, Plaintiff argues that he was led to believe that resort to the administrative process would have been superfluous.

Although prison officials may not act to inhibit an inmate's exhaustion of administrative remedies, see Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999), Plaintiff's subjective belief that resort to administrative remedies would have been futile is not relevant.[10] Plaintiff has come forward with no credible evidence that prison officials committed affirmative misconduct with the purpose of preventing him from

---

[10] See Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006) (rejecting prisoner's argument that § 1997e(a) was satisfied "when he was interviewed as part of the [internal] investigation" and noting that "the standard [under § 1997e(a)] is not whether the prisoner has a reason to pursue administrative remedies; it is whether such remedies are available to him"); Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002)("It does not matter, finally, that Mr. Lyon may have subjectively believed that there was no point in his pursuing administrative remedies . . . . § 1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'"); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998) (explaining that § 1997e(a) requires courts "to focus solely on whether an administrative remedy program is 'available'").

11

utilizing the grievance process. More to the point, Plaintiff has not shown that he reasonably relied, to his detriment, on an affirmative misrepresentation by prison officials. Consequently, he has not shown that he is entitled to the extraordinary remedy of equitable estoppel. See Lewis v. Washington, 300 F.3d 829, 834 (7th Cir. 2002).

In sum, the Court concludes, as a matter of fact and law, that administrative remedies were available and that Plaintiff failed to exhaust them. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge. Defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED** without prejudice pursuant to § 1997e(a).

**ORDER ENTERED** at Augusta, Georgia, this _____ day of June, 2007.

UNITED STATES DISTRICT JUDGE

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. § 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b).** Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S.Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD -- no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A *pro se* notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).